UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABORERS PENSION TRUST FUND -
DETROIT and VICINITY, ET AL.,

        Plaintiff(s),        CASE NUMBER: 09-10527
                                      HONORABLE VICTORIA A. ROBERTS

v.

J&G EXCAVATING CO., INC.,

        Defendant(s).
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

On February 12, 2009, Plaintiffs filed a Complaint against Defendant for unpaid fringe benefit contributions. On April 30, 2009, counsel for Plaintiffs served a copy of the Summons and Complaint upon Joseph Gerbe, Defendant's Resident Agent. Defendant did not plead or otherwise defend the lawsuit. On August 7, 2009, Plaintiffs received a Clerk's Entry of Default pursuant to Fed. R. Civ. P. 55(a).

Before the Court is Plaintiffs' "Motion for Default Judgment." (Doc. #10). Plaintiffs provide:

(1)    an Affidavit from C.D. Nichols, a Compliance Auditor with the firm of Stefansky, Holloway & Nichols, Inc., that says he conducted a payroll audit on Defendant's books and records. Nichols says the audit shows Defendant owes $15,666.72 in fringe benefit contributions (including contractual late payment assessments or liquidated damages, and excluding employee D. Main from the computation) for January 2005 through March 2008;

(2)    a copy of Nichols's audit billing dated September 16, 2008 that shows Defendant owes $20,628.32;

(3)    a re-computation of Nichols's audit billing dated August 11, 2009 that removes employee D. Main from the computation and shows Defendant owes $15,666.72.

1

(4)  an Affidavit from Amy Bachelder, one of Plaintiffs' attorneys, that says: (a) she performed 5.6 hours of work on Plaintiffs' case through August 13, 2009 at a rate of $150.00 per hour for a total of $840.00; (b) Attorney George H. Kruszewski performed .1 hours of work on Plaintiffs' case through August 13, 2009 at a rate of $190.00 per hour for a total of $19.00; (c) the costs incurred in prosecuting Plaintiffs' case include $350.00 for filing fees and $295.00 for service of the Complaint; (d) she anticipates spending one additional hour attending a hearing on this motion and preparing an order for $150.00; and (e) the total in attorneys' fees and costs is $1,654.00 ($840.00 + $19.00 + $350.00 + $295.00 + $150.00);

(5)  a Detail Fee Transaction File List, which is a summary of the actual time Bachelder and Kruszewski spent in representing Plaintiffs in this case; and

(6)  a computer spreadsheet that outlines the interest Defendant owes on delinquent fringe benefit contributions. The total amount of interest calculated is $4,047.55.

The Court reviewed Plaintiffs' motion and the supporting documents. Plaintiffs'

motion is **GRANTED**. The Court:

(1)  Finds that Defendant entered into (or adopted) collective bargaining agreements with Plaintiffs that required Defendant to make fringe benefit contributions to Plaintiffs for work performed by employees that Plaintiffs represent;

(2)  Finds that Defendant was contractually obligated to Plaintiffs beginning January 2005;

(3)  Orders Defendant to specifically perform all of the fringe benefit provisions of the collective bargaining agreements;

(4)  Finds that Defendant was and is obligated to maintain books and records sufficient to determine the fringe benefit contributions due or which may become due to its employees via contributions to Plaintiffs and to submit to an audit by Plaintiffs of its books and records to determine the accuracy and timeliness of such contributions;

(5)  Orders Defendant to provide Plaintiffs the books and records needed to determine the amount of Defendant's indebtedness beginning March 2008;

(6)  Awards Plaintiffs $21,218.27, which includes: (a) the amount of the audited indebtedness from January 2005 through March 2008 of $15,666.72; (b) interest in the amount of $4,047.55; and (c) attorneys' fees and costs of $1,504.00 ($150.00 was excluded; a hearing on this motion was not necessary); and

(7)  Upon submission of a motion to amend the Judgment, will award Plaintiffs the amount owing, if any, from March 2008 through the date on which Plaintiffs receive Defendant's books and records.

   **IT IS ORDERED**.


                                        S/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated:  August 27, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 27, 2009.

s/Carol A. Pinegar
Deputy Clerk

---